# Amelia W. Springer, Plff. in Err., v. City of Philadelphia.

A municipal corporation is not liable for injuries occasioned by a person's slipping and falling on an icy pavement where there is no proof, either of an obvious obstruction of the sidewalk or of how long the pavement had been in an icy condition.

In an action against a municipal corporation to recover damages for injuries occasioned by slipping and falling on an icy pavement, the evidence proved that ten days prior to the accident there had been a snowfall in the city of one quarter of an inch; that no snow had fallen since that day; that the ice was caused by a rain in the afternoon of the day the accident occurred, which had melted this snow, and then had frozen; and that the accident occurred at 7 o'clock on the evening of that day. *Held*, that plaintiff was properly nonsuited.

(Argued January 20, 1888. Decided February 6, 1888.)

January Term, 1888, No. 19, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to Common Pleas No. 2 of Philadelphia County to review a judgment of nonsuit in an action on the case. Affirmed.

This was an action brought by Amelia W. Springer against the city of Philadelphia, to recover damages for injuries occasioned by the plaintiff's slipping and falling on an icy pavement within the said city.

The facts of the case were as follows:

On the evening of January 30, 1884, about 7 o'clock, after dark, the plaintiff, while walking with a friend along the east side of Eleventh street, about 60 feet north of Arch street, found herself upon an icy pavement. It was dark and the plaintiff did

NOTE.—There may be a recovery against a municipality for injuries resulting from a fall upon the ice on a sidewalk where it is an obvious obstruction and remains for such length of time as to constitute it negligence in failing to remove it. Dean v. New Castle, 201 Pa. 51, 50 Atl. 310; Miller v. Bradford, 186 Pa. 164, 40 Atl. 409; Manross v. Oil City, 178 Pa. 276, 35 Atl. 959; Wyman v. Philadelphia, 175 Pa. 117, 34 Atl. 621.

For a review of the authorities as to the liability of municipalities for permitting water to accumulate and freeze on sidewalks to the injury of travelers, see editorial note to Brown v. White, 58 L. R. A. 321. See also, Farnham, Waters, pp. 1504–1510. As to the liability of abutting owner for causing ice to form on walk, see Farnham, Waters, p. 1511.

not see the dangerous condition of the pavement until she was upon it. She remarked its bad condition to her friend, and they thereupon walked carefully, but had gone only a short distance when she slipped and fell, and suffered the injuries to recover damages for which she brought this suit.

The defendant pleaded not guilty, and issue was joined.

At the trial the plaintiff offered evidence showing that the foot walk was covered with ice, which had the appearance of being snow which had been packed by being walked over, and had frozen; that the ice was sloping and very slippery, owing to rain which had fallen in the afternoon. Evidence was also offered that during the ten days preceding the day of the accident no snow had fallen, and that two thaws had occurred during these ten days, one from the 22d to the 24th, inclusive, the thermometer ranging from $32°$ to $45°$, and the other from the 28th to the 30th, inclusive, the range being $33°$ to $40°$. Evidence was also offered of the plaintiff's fall at about 7 o'clock in the evening, medical evidence as to the character and extent of her injuries, and incidentally, of her ignorance of the existence of the ice.

The plaintiff having closed, the trial judge entered a compulsory nonsuit, because the plaintiff had failed to show the existence of such an accumulation of ice as it was the duty of the city to remove. 1

A motion for a rule to show cause why the nonsuit should not be taken off, was refused. 2

The assignments of error specified: (1) The entry of the nonsuit; (2) the refusal to take it off.

*Alfred Guillou,* for plaintiff in error.—The signal service records were admissible in evidence. Evanston v. Gunn, 99 U. S. 660, 25 L. ed. 306.

They proved that no snow had fallen for ten days prior to the accident. This lapse of time amounted to constructive notice. Born v. Allegheny & P. Pl. Road Co. 101 Pa. 337; Fritsch v. Allegheny, 91 Pa. 226; McLaughlin v. Corry, 77 Pa. 109, 18 Am. Dec. 432.

The question of contributory negligence does not and cannot enter into this case.

The general principle is settled beyond dispute that it is the duty of the city to keep its highways, at all seasons, clear of all

impediments to easy and convenient passing and traveling. Southwark R. Co. v. Philadelphia, 47 Pa. 314; and Branson v. Philadelphia, 47 Pa. 329; Philadelphia v. Weller, 4 Brewst. (Pa.) 24; Hey v. Philadelphia, 81 Pa. 44, 22 Am. Rep. 733.

And this duty extends to the removal of ice and snow accumulations. McLaughlin v. Corry, 77 Pa. 109, 18 Am. Dec. 432; Erie v. Magill, 101 Pa. 616, 47 Am. Rep. 739; Dehnhardt v. Philadelphia, 15 W. N. C. 214; Pennsylvania R. Co. v. Pittsburgh Grain Elevator Co. 50 Pa. 499.

The general standard of municipal duty in the care of highways, etc., is well settled; it has been repeatedly defined to be that of ordinary care and prudence in anticipating usual and ordinary events. Rapho Twp. v. Moore, 68 Pa. 404, 8 Am. Rep. 202; Hey v. Philadelphia, 81 Pa. 44, 22 Am. Rep. 733; Allegheny v. Zimmerman, 95 Pa. 287, 40 Am. Rep. 649; Lower Macungie Twp. v. Merkhoffer, 71 Pa. 276; Erie City v. Schwingle, 22 Pa. 384, 60 Am. Dec. 87; Humphreys v. Armstrong County, 56 Pa. 204; Norristown v. Moyer, 67 Pa. 355; Scranton v. Catterson, 94 Pa. 202; Pittston v. Hart, 89 Pa. 389.

The New England test of duty, referred to in the case of Mauch Chunk v. Kline, 100 Pa. 119, 45 Am. Rep. 364, is not whether the ice is such that ordinary and reasonable care could effect its removal, but whether the ice is in hillocks, hummocks, and ridges or whether it be smooth. The possibility or ease of removal does not enter into the question; the shape of the ice is the sole *datum*. This unreasonable standard is so unique that its history must be considered to see its full absurdity:

In Massachusetts, as in nearly all the states, there exists at common law no right of action for negligence against a municipal corporation; the right is purely statutory. Mower v. Leicester, 9 Mass. 247, 6 Am. Dec. 63; Hill v. Boston, 122 Mass. 344, 23 Am. Rep. 332.

The rulings in Massachusetts are due to the wording of the Massachusetts statute. Stanton v. Springfield, 12 Allen, 566; Cromarty v. Boston, 127 Mass. 329, 34 Am. Rep. 381; Morse v. Boston, 109 Mass. 446.

The Massachusetts courts have never defined the difference between smooth ice and ridges. This shows the absurdity of the standard. It is not applied to other slippery surfaces. This standard was held to be erroneous in Cloughessey v. Waterbury,

51 Conn. 405, 50 Am. Rep. 38; Kinney v. Troy, 38 Hun, 285; Morrill, City Neg. pp. 159, 160.

Snow left on a sidewalk in Philadelphia six working hours is declared a nuisance by the ordinance of September 23, 1864. West's Digest, § 292.

Such an ordinance imposes no liability on the abutting property owners.   Fulton v. Tucker, 3 Hun, 529; Kirby v. Boylston Market Asso. 14 Gray, 249, 74 Am. Dec. 682; Eustace v. Jahns, 38 Cal. 3; Flynn v. Canton Co. 40 Md. 312, 17 Am. Rep. 603.

The city therefore should be held liable.   In any case the jury and not the court should apply the standard.   Crissey v. Hestonville, M. & F. Pass. R. Co. 75 Pa. 83; Fritsch v. Allegheny, 91 Pa. 226.

The two cases cited by defendant in error only decide that an obstruction of ice or snow is one that could have been removed.

*Chas. B. McMichael* and *Charles F. Warwick,* for defendant in error.—This case is ruled by McLaughlin v. Corry, 77 Pa. 113, 18 Am. Dec. 432; Mauch Chunk v. Kline, 100 Pa. 119, 45 Am. Rep. 364.

PER CURIAM:

The evidence in this case fails to establish a case which would render the city liable for the accident which befell the plaintiff. No obvious obstruction of the sidewalk was proved, neither was there proof of how long the pavement had been in an icy condition; hence, no notice, either actual or constructive, was brought home to the municipality.

The judgment is affirmed.